# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEANN MARIE BOGGS,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>NANCY A. BERRYHILL,[1]<br><br>　　　　Defendant | CIVIL ACTION NO. 3:16-cv-00656<br><br>(CONNER, C.J.)<br>(MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

This is an action brought under Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §405(g) and 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff LeAnn Marie Boggs ("Ms. Boggs") claims for disability insurance benefits and supplemental security income under the Social Security Act. This matter has been referred to the undersigned United States Magistrate Judge to prepare a report recommending disposition, pursuant to the provisions of 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons expressed herein, the Court recommends that the Commissioner's final decision be **VACATED** and this case **REMANDED** to conduct a new administrative hearing.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. §405(g), Acting Commissioner Nancy A. Berryhill is automatically substituted as the named defendant in place of the former Commissioner of Social Security.

## I. BACKGROUND AND PROCEDURAL HISTORY

LeAnn Marie Boggs alleges she is disabled due to "mental impairments that prevent her from maintaining socially appropriate behavior and sustaining work." (Plaint. Amend. Br. 15; Doc. 19 p. 15). Ms. Boggs was born on September 28, 1990 and was twenty-two years old on the alleged disability onset date of October 7, 2012. (Admin. Tr. 34; Doc. 16-2 p. 35). She lives with her family. (Admin. Tr. 207; Doc. 16-6 p. 18). Ms. Boggs completed the twelfth grade and attended college but did not graduate. (Admin. Tr. 254; Doc 16-6 p. 65).

Ms. Boggs protectively filed an application for supplemental security income on March 29, 2013, alleging an onset date of October 7, 2012. (Admin. Tr. 21; Doc. 16-2, p.22). A hearing for that claim took place on November 13, 2014, and on January 6, 2015, ALJ Leslie Perry-Dowdell issued an unfavorable opinion denying her claim. (Admin. Tr. 21, 36; Doc. 16-2 pp. 22, 37). The agency Appeals Council denied Ms. Boggs' request for review. (Def. Br. 2; Doc. 20 p. 2). On, April 20, 2016, Ms. Boggs filed a civil action with this Court seeking review. (Complaint, Doc. 1 p. 1).

## II. STANDARD OF REVIEW

To receive benefits under Title II or Title XVI of the Social Security Act, the claimant must demonstrate an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A). To satisfy this requirement, the claimant must have a severe physical or mental impairment that makes it impossible to do his or her previous work or any other substantial gainful activity that exists in significant number in the national economy. 42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B). In

addition, to be eligible to receive benefits under Title II of the Social Security Act, a claimant must be insured for disability insurance benefits. 42 U.S.C. § 423(a); 20 C.F.R. § 404.131.

In evaluating the question of whether a claimant is under a disability as it is defined in the Social Security Act, the Commissioner follows a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a); 20 C.F.R. § 416.920(a). Under this process, the Commissioner must determine, in sequence: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1 ("Listing of Impairments"); (4) whether the claimant is able to do his past relevant work, considering his current residual functional capacity ("RFC");[2] and, (5) whether the claimant is able to do any other work that exists in significant numbers in the national economy, considering his current RFC, age, education, and work experience. *Id.* The claimant bears the initial burden of demonstrating a medically determinable impairment that prevents him from doing his past relevant work. 20 C.F.R. § 404.1512(a); 20 C.F.R. § 416.912(a). Once the claimant has established at step four that he cannot do past relevant work, the burden then shifts to the Commissioner at step five to show that jobs exist in significant numbers in the national economy that the claimant could perform that are consistent with his RFC, age, education, and past work experience. 20 C.F.R. § 404.1512(f); 20 C.F.R. § 416.912(f).

---

[2] A claimant's RFC is the most a claimant can still do despite his limitations. 20 C.F.R. § 404.1545(a)(1); 20 C.F.R. § 416.945(a)(1); *see also Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). Before the ALJ goes from step three to step four, he or she assesses the claimant's RFC. 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4). The RFC is used at step four and step five to evaluate the claimant's case.

When reviewing the Commissioner's final decision denying a claimant's application for benefits, this Court's review is limited to the question of whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. §405(g); 42 U.S.C. §1383(c)(3)(incorporating 42 U.S.C. §405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200(3d Cir. 2008); *Ficca v. Astrue*, 901 F.Supp.2d 533, 536(M.D.Pa. 2012). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). But in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F.Supp.2d 623, 627 (M.D.Pa. 2003). The question before this Court, therefore, is not whether Ms. Dyer is disabled, but whether the Commissioner's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 3:12-CV-02417, 2014 WL 940205, at *1 (M.D.Pa. Mar. 11, 2014)("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence.")(alterations omitted); *Burton v. Schweiker*, 512 F.Supp. 913, 914 (W.D.Pa. 1981)("The Secretary's determination as to the status of a claim

4

requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990)(noting that the scope of review on legal matters is plenary); *Ficca*, 901 F.Supp.2d at 536 ("[T]he court has plenary review of all legal issues . . . .").

## III. DISCUSSION

Ms. Boggs raises four issues for review:

(1) Does substantial evidence support the ALJ's finding of ability to maintain socially appropriate behavior?

(2) Did the ALJ fail to properly assess activities of daily living resulting in reversible error?

(3) Did the ALJ improperly discount the opinions of the treating therapist resulting in reversible error?

(4) Is remand required due to inaudibility of vocational testimony?

(Plain. Amend. Br. 1; Doc. 19 p. 1). Because the Court finds remand is required due to the inaudibility of the vocational testimony, it will decline to address the other issues raised by Ms. Boggs at this time.

At the hearing, the ALJ determined Ms. Boggs' residual functional capacity. (Admin. Tr. 73; Doc. 10-2 p. 74). The ALJ stated Ms. Boggs' RFC as follows:

> [T]he residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: limited to routine erepetitve tasks performed in a stable work environment free of fast-paced work production requirements; with no contact with the public; working with things and not people, involving no work as part of a team; and work is self-paced but determined by the worker, however, general production demands are met.

(Admin. Tr. 25; Doc. 16-2 p. 26).

The ALJ posed two hypotheticals to the Vocational Expert ("VE"): first, one including some but not all of the limitations reflected in the RFC assessment, and then one including all of the limitations reflected in the RFC assessment. (Admin. Tr. 73-74; Doc. 10-2 pp. 74-75). As stated on the original hearing transcript filed as part of the Administrative Transcript of the entire record of proceedings:

> ALJ: Please assume an individual of the claimant's age, education and work experience. This individual would be able to perform work at all exertional levels. The work would be limited to routine and repetitive tasks performed in a work environment free of fast paced production requirements. Could an individual with these limitations perform the claimant's past work?
>
> VE: No, Your Honor.
>
> ALJ: Would there be jobs in the national economy that such an individual could perform?
>
> VE: Yes, Your Honor. This type of individual could perform a position of a laundry worker, DOT Number 361.684-014, SVP-2, unskilled, medium level. Over 400 of those positions in the national economy. Also a position as a cleaner, DOT Number 323.687-014, SVP-2, light exertional level; over 280,000 positions exist in the national economy.
>
> ALJ: Hypothetical Number 2, the same as Hypothetical Number 1 with the additional limitation that there be no contract with the public and that the individual would be working with things and no people. There would be no working as part of a team. And that the work is self-paced, that the pace of the work is determined by the worker, however, the general productions [sic] demands are met. Could the individual with these limitations perform the claimant's past work?
>
> VE: No, Your Honor.
>
> ALJ: And would there be other jobs in the national economy that such an individual could perform?
>
> VE: (No audible response. ) [sic]

(Admin. Tr. 73-74; Doc. 10-2 pp. 74-75). That transcript is certified by both the transcriber and the proofreader as "a true and complete transcription of the testimony provided by the SSA

which was recorded at the hearing in the case of Leann [sic] Boggs, held before Administrative Law Judge Leslie Perry-Dowdell." (Admin. Tr. 76; Doc. 10-2 p. 77). The Commissioner also certified that transcript, stating it "constitute[d] a full and accurate transcript of the entire record of proceedings relating to this case." (Doc. 10).

Ms. Boggs raised the issue in her opening brief that burden is on the Commissioner at Step Five and that the inaudible response undermines the possibility of substantial evidence supporting the ALJ's determination at Step Five that there are jobs existing in the national economy that Ms. Boggs is capable of performing. (Plain. Br. 14-15; Doc. 11 pp. 14-15). The Commissioner responded by filing an amended transcript. (Doc. 16). In place of "no audible response" the amended transcript reads, "No changes to my past testimony." (Admin. Tr. 74; Doc. 16-2 p. 75).

Ms. Boggs cites to cases indicating that remand is required when sections of the transcript are inaudible, including: *Wislon v. Astrue*, 2009 U.S. Dist. LEXIS 24326, *49, 2009 WL 793039 (W.D. Pa. Mar. 24, 2009) (transcript with inaudible testimony by the VE in response to hypothetical questions); *Thornhill v. Colvin*, 2014 WL 1328153 at *5, n. 6 (W.D. Pa. Apr. 2, 2014) (transcript so poor that the import of the VE's testimony could not be readily ascertained making meaningful judicial review impossible (citations omitted); *Martinez v. Bowen*, 1988 WL 33911, *3 (E.D. Pa. Mar. 30, 1988) (VE response inaudible regarding whether there was any SGA claimant could perform). (Doc. 19 p. 14).

The Commissioner argues "the Act authorized the Commissioner 'to file a certified copy of the transcript of the record including the evidence upon which the finding and decision complained of are based.' 42 U.S.C. § 405(g)." (Doc. 20 p. 21). This is not disputed by the parties. Per the Act, the Commissioner did file a copy of the transcript that read "no audible

7

response" where it would have stated the answer to the necessary question at Step Five of the analysis. The Commissioner further argues that, although she hires an individual to record and transcribe the hearing, she retains the authority to certify the transcript. (Doc. 20 p. 21). This too is not disputed by the parties. Indeed, the transcript originally filed was certified by the Commissioner, not just by both the transcriber and proofreader. She claims that "to accept Boggs' assertion, the Court would transfer the Commissioner's authority to another individual," (Doc. 20 p. 21), but here the Commissioner herself certified the original transcript.

Moreover, assuming *arguendo* that the Court accepted the revised version of the transcript, the answer, "no changes to my past testimony," provides little guidance for review, and further begs the question of to which past testimony the transcript is referring. While "my past testimony" might refer to the jobs listed by the VE in response to the first hypothetical, it could just as easily refer to the immediately preceding testimony. The immediately preceding testimony is "No, Your Honor." If this is the testimony that the VE was referring to, then it would necessitate a finding that Ms. Boggs is disabled within the meaning of the Act. If "past testimony" refers to the prior hypothetical, meaning the jobs listed as performable under some but not all of the RFC limitations could still be performed under all of the RFC limitations, it shows the VE did not meaningfully consider the added limitations of the second hypothetical. It is doubtful that such a cursory statement could constitute substantial evidence regarding the most important at Step Five when the burden is on the Commissioner. Therefore, even if the Court did accept the revised transcript, it still renders the transcript unreviewable by this Court.

In light of the poor quality of the transcribed record, this Court is simply not able to determine whether there was substantial evidence to support the Secretary's decision that Plaintiff is not disabled. Remand is therefore appropriate to allow the Secretary the opportunity

to develop the record so that this Court, if requested to, may conduct effective judicial review. *Martinez v. Bowen*, 1988 WL 33911, *3 (E.D. Pa. Mar. 30, 1988).

## IV. RECOMMENDATION

Based on the foregoing, the Court finds that the final decision of the Commissioner denying LeAnn Marie Boggs' Title II and Title XVI applications for Disability Insurance Benefits and Supplemental Security Income is not supported by substantial evidence, and as such, it is recommended that the Commissioner's decision be **VACATED** and this case be **REMANDED** for a new administrative hearing.

**Dated: August 10, 2017**                              *s/ Karoline Mehalchick*
                                                        **KAROLINE MEHALCHICK**
                                                        **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEANN MARIE BOGGS,<br><br>    Plaintiff<br><br> v.<br><br>NANCY A. BERRYHILL,<br><br>    Defendant | CIVIL ACTION NO. 3:16-cv-00656<br><br>(CONNER, C.J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 10, 2017**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: August 10, 2017                *s/ Karoline Mehalchick*
                                      **KAROLINE MEHALCHICK**
                                      **United States Magistrate Judge**